RODGERS, Justice:
This is a condemnation proceeding brought by the Mississippi State Highway Commission, (hereafter called Commission), appellant, to acquire two parcels of land belonging to Mrs. Olivia A. Leggett, ap-pellee. One parcel contains 1.55 acres of land,- and is acquired for the purpose of relocating a county road. The other parcel contains .22 acres of land and is acquired for a drainage easement as a part of Interstate Highway No. 55. The two parcels total 1.77 acres.
A court of eminent domain was organized in Lincoln County, Mississippi, to determine the compensation due appellee, and the jury returned a verdict of $15,500 in favor of appellee for the taking of the land here involved. The Commission appealed to the circuit court when the case was tried de novo, resulting in a jury' verdict and judgment in favor of the appellee in the sum of $15,500. The Commission has appealed to this Court from the judgment of the circuit court and complains that the jury verdict was without support of reasonable proof, and that the verdict is so grossly excessive as to denote bias, prejudice and passion so as to shock the enlightened conscience of the court.
We agree with both contentions of the appellant for the following reasons: In the outset, we are convinced that the property of appellee, Mrs. Olivia A. Leggett, is seriously and permanently damaged by the building of a ramp for the purpose of relocating a county road in front of the home of one son and near her main residence. The ramp at that point will be eleven feet high and will be only twenty-eight feet from his house. It will increase to twenty-one feet in height at the point where the county road crosses the Interstate Highway. The new road will run within twenty-eight feet of the appellee’s dwelling house.
The Commission introduced two witnesses to prove the amount of damages caused by the taking of appellee’s property for public use. We do not detail the testimony since the case must be retried; however, it may be helpful to give the results reached by the witnesses in a general way.
Mr. C. B. Moore, a professional appraiser, testified that in his expert opinion the fair market value of appellee’s property before the taking was $25,450. He testified that the reasonable market value of the property belonging to appellee was $19,490, after the taking, and that this resulted in the damage to appellee in the sum of $5,910.
Mr. O. H. Hartman, Jr., a realtor of Lincoln County, Mississippi, testified that the property of appellee, exclusive of merchantable timber, was reasonably worth $25,665 before the taking of the property by the Commission. He was of the opinion that the fair market value of appellee’s property after the taking was reasonably worth $21,423, and that the property was thus damaged $4,242.
The appellee introduced one witness who testified as to the amount of the damage resulting from the taking of the property for public use. Barney Leggett, son of the ap-pellee, lives in the east residence, in the shadow of the ramp. He testified that prior to the taking of the property, the reasonable market value of the entire property was $34,000, and that after the taking, the reasonable market value was $20,000. Thus, the resulting damages were shown to be $14,000. However, in answer to the question “Now, in your opinion, is there any other damage being done by this taking?”, he said “They are condemning a side road there, this gravel road. We always haul timber and stuff out over, and possibly house sites over there. I figure $1,000 damage.” He was then asked: “In your opinion, is there any other damage?”, and replied “They possibly going to drain my water off, but I have no proof of it. I am asking $500.00 for that.” This testimony is not only speculative, but it duplicates the amount of damage estimated by the testimony of this witness as to reasonable market value'before and after the taking of the property. The jury, nevertheless, obvious *255 ly accepted this testimony in determining the amount due to appellee, because the verdict is $1,500 more than the highest damage estimate offered by any of the witnesses.
We have analyzed carefully the items of damage shown by the testimony of each witness, and it is apparent to us that the testimony for the Commission is ultra-conservative. We have examined the pictures and considered the fact that it is admitted that the ramp will overshadow one of the dwelling houses. On the other hand, the testimony for the appellee is obviously excessive and speculative. We are of the opinion that the verdict is so excessive as to show bias and prejudice on the part of the jury, and for that reason the case must be reversed. It is our opinion, however, that if the appellee desires to enter a remittitur within fifteen days from the final judgment of this Court of $6,500, the judgment of the trial court for $9,000 will be affirmed.
Reversed and remanded unless a remit-titur of $6,500 is entered by appellee within fifteen days from final judgment of this court.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.